UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------x
ROBERT L. DRUMMOND, individually    :
and on behalf of other similarly    :
situated individuals,               :
                                    :
            Plaintiffs,             :   Civil No. 14cv1837 (AWT)
                                    :
                                    :
v.                                  :
                                    :
HARTFORD FIRE INSURANCE COMPANY,    :
                                    :
            Defendant.              :
------------------------------------x
```

## ORDER RE MOTION FOR RECONSIDERATION

The defendant has moved for reconsideration of the Ruling on Plaintiff's Pre-Discovery Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-in Plaintiffs Pursuant to 29 U.S.C. § 216(b) and Plaintiff's Motion to Supplement the Record (Doc. No. 59) (the "Ruling").  For the reasons set forth below, Defendant's Motion for Reconsideration re Ruling on Plaintiffs' Pre-Discovery Motion for Conditional Certification (Doc. No. 64) is hereby DENIED.

In general, the three grounds that may justify reconsideration are: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice &

Procedure § 4478 at 790). "The standard for granting [a motion for reconsideration] is strict . . . ." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The defendant argues that reconsideration is appropriate based on an intervening change in controlling law and the availability of new evidence.

The defendant argues that this case should not be conditionally certified in light of the decision in Glatt v. Fox Searchlight Pictures, Inc., 791 F.3d 376 (2d Cir. 2015). As the plaintiff points out in his opposition memorandum, Glatt did not change the law governing conditional certification, and it does not constitute an intervening change in controlling law with respect to this case.

In Glatt, in discussing the standard for conditional certification, the court followed Myers v. Hertz Corp., 624 F.3d 537, 548 (2d Cir. 2010), stating the following:

> In Myers, we endorsed a two-step process for certifying FLSA collective actions. At step one, the district court permits a notice to be sent to potential opt-in plaintiffs if the named plaintiffs make a modest factual showing that they and others together were victims of a common policy or plan that violated the law. 624 F.3d at 555. At step two, with the benefit of additional factual development, the district court determines whether the collective action may go forward by determining whether the opt-in plaintiffs are in fact similarly situated to the named plaintiffs. Id.

Glatt at 387. That is precisely the legal standard utilized in the Ruling. (See Ruling at 4-5.) In Glatt, the court held, as

2

a matter of first impression, that the primary beneficiary test is used to determine whether an unpaid intern is an employee under the FLSA.  Then, when discussing the plaintiff's motion to conditionally certify the nationwide FLSA collective, the court observed that "the plaintiffs in Antalik's proposed collective are not similarly situated even under the minimal pre-discovery standard.  Under the primary beneficiary test we have set forth, courts must consider individual aspects of the intern's experience."  Glatt at 388 (emphasis added).  Thus, the court concluded that the plaintiff interns could not make the requisite factual showing that they and others together were victims of a common policy or plan that violated the law.  In the instant case, while the court concluded that the plaintiff had met that standard, this case is not one where the primary beneficiary test was used.  Thus, Glatt has no effect on the court's analysis as an intervening change in controlling law.  Nor does the court find it to be applicable by analogy.

As to the second ground, the defendant argues that plaintiff Drummond's deposition testimony is "new evidence" that contradicts the basis for conditional certification in the Ruling and further demonstrates that this case involves individualized issues.

As recognized in the Ruling, the motion for conditional certification was a pre-discovery motion.  The plaintiff was

3

required only to meet a "modest burden of proof", and the Ruling recognized that. (See Ruling at 6.) "Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members." Hallissey v. Am. Online, Inc., No. 99-CIV-3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008). The court concluded that the plaintiff had demonstrated his entitlement to a "'preliminary' determination." (Ruling at 7.) In addition, the court quoted language from Myers that made it clear that the court would at the second stage, "on a fuller record, determine whether a so-called collective action may go forward by determining whether the plaintiffs who have opted in a re in fact similarly situated to the named plaintiffs." (Ruling at 5.) Now, the defendant seeks reconsideration of that preliminary determination, which was made in response to a pre-discovery motion, based on the results of limited discovery, namely, the deposition testimony of Drummond -- and only Drummond. Thus, the defendant seeks, in substance, to convert the plaintiff's motion from a pre-discovery motion into a limited discovery motion and have the court reconsider it. That is not a proper use of a motion for reconsideration.

    The plaintiff succinctly summarized in his opposition memorandum the inappropriate consequences of allowing such a misuse of a motion for reconsideration:

4

> Myers makes clear that the decertification-stage analysis which Defendant is essentially calling for here must be conducted on a fuller record, not in a piecemeal fashion in which notice is delayed while each new piece of evidence is analyzed ad nauseum. Such a see-saw certification practice has been roundly rejected by courts in this circuit and should be rejected here as it would lead to an inexorable, undesirable, boundless, bottomless, everlasting, inexhaustible, limitless delay, while keeping ASRs indefinitely uninformed about their right to participate in this case.

(Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Reconsideration (Doc. No. 69) at 14 (internal quotation marks and citations omitted).)

It is so ordered.

Signed this 15th day of September 2015, at Harford, Connecticut.

                                                  /s/
                            Alvin W. Thompson
                    United States District Judge